1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  JULIANO VITO ACUNA,                       No.  2:20-cv-785-EFB P
12                  Petitioner,
13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14  G. MATTESON,
15                  Respondent.
16

17          Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18  He has filed an application to proceed in forma pauperis.  ECF No.  9.  His application makes the

19  required showing and is granted.  His petition, however, does not state a viable federal habeas

20  claim for the reasons explained below.

21          I.      Legal Standards

22          The court must dismiss a habeas petition or portion thereof if the prisoner raises claims

23  that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

24  granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly

25  appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

26  Rule 4, Rules Governing Section 2254 Cases.

27  /////

28  /////

                                              1

1    II.    <u>Analysis</u>

2         Petitioner's sole habeas claim is that the state trial court in which his conviction was

3    obtained lacked jurisdiction over his case because he was charged by felony complaint rather than

4    by indictment or information.  ECF No. 1 at 7-8, 12.  Specifically, he alleges that "the state was

5    permitted to prosecute a felony case pursuant to an illegal charging instrument incapable of

6    conferring jurisdiction upon the court and informing petitioner of the charges."  *Id.* at 12.

7         This claim sounds entirely in state law insofar as it centers exclusively on the proper state

8    procedure for bringing criminal charges in California courts.  And it has long been held that

9    federal habeas relief does not lie for errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-

10   68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of

11   state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner appears to argue that

12   a want of jurisdiction is an error of such magnitude that it is not susceptible to ordinary bars.  *See*

13   ECF No. 1 at 6 ("Time limits and bars . . . cannot be applied to [f]undamental [j]urisdictional

14   issues . . . .").  But other federal courts have indicated that a claim that a state court lacked

15   jurisdiction under state law is not cognizable on federal habeas review.  *See, e.g., Willis v. Egeler*,

16   532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested with

17   jurisdiction under state law is a function of the state courts, not the federal judiciary.");

18   *Hernandez v. Ylst*, 930 F.2d 714, 719 - 20 (9th Cir. 1991) (stating that "[w]e are not persuaded

19   that a constitutional violation necessarily occurs when the convicting state court acts without

20   jurisdiction purely as a matter of state law," but finding it unnecessary to reach issue because state

21   court had jurisdiction); *Wright v. Angelone*, 151 F.3d 151, 157-59 (4th Cir. 1998) (petitioner's

22   claim that state trial court lacked subject matter jurisdiction over certain counts was "not

23   cognizable on federal habeas review" because it "rest[ed] solely upon an interpretation of

24   Virginia's case law and statutes"); *Schweder v. Ryan*, No. CV-16-08306-PCT-GMS (BSB), 2017

25   U.S. Dist. LEXIS 208436, *28 (D. Ariz., Dec. 18, 2017) ("Because a determination of the trial

26   court's jurisdiction is based on the application of state law, Petitioner's claims challenging the

27   /////

28   /////

1   trial court's jurisdiction are not amenable to federal habeas corpus review.") (adopted at

2   *Schweder v. Ryan*, No. CV-16-08306-PCT-GMS, 2018 U.S. Dist. LEXIS 107072 (D. Ariz., June

3   26, 2018)).

4        Based on the foregoing, the court concludes that the petition does not state a cognizable

5   federal claim and should be dismissed.

6        III.   <u>Conclusion</u>

7        Based on the foregoing, it is ORDERED that:

8        1.  Petitioner's application to proceed in forma pauperis (ECF No. 9) is GRANTED; and

9        2.  The Clerk of Court shall randomly assign a United States District Judge to this case.

10       Further, it is HEREBY RECOMMENDED that the petition (ECF No. 1) be DISMISSED

11  for failure to state a cognizable federal claim.

12       These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

19  his objections petitioner may address whether a certificate of appealability should issue in the

20  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

21  § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

22  final order adverse to the applicant).

23  DATED:  June 24, 2020.

24                                     EDMUND F. BRENNAN

25                                     UNITED STATES MAGISTRATE JUDGE

26

27

28